PROB 12C
(06/17)

August 11, 2022
pacts id: 6912903

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**5:22-mj-00554**

**Name of Offender:** Tony Juarez (English)

**Dkt. No.:** 20CR01148-002-AJB

**Reg. No.:** 93079-298

**Name of Sentencing Judicial Officer:** The Honorable Anthony J. Battaglia, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), Transportation of Certain Aliens, a Class D felony

**Date of Revocation Sentence:** December 13, 2021

**Sentence:** 8 months' custody, followed by 24 months' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** May 25, 2022

**Asst. U.S. Atty.:** Steven Lee

**Defense Counsel:** L. Marcel Stewart
(Appointed)
(619) 702-4123

**Prior Violation History:** None.

---

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)
Name of Offender: Tony Juarez                                   August 11, 2022
Docket No.: 20CR01148-002-AJB                                            Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)**<br>At the discretion of the Probation Officer, the offender shall reside at, participate in and successfully complete a residential substance abuse treatment and counseling program approved by the United States Probation & Pretrial Services Office, that includes testing to determine whether the offender has reverted to the use of drugs or alcohol, and the offender shall observe the rules of that facility. | 1. On June 2, 2022, Mr. Juarez did not enroll in the Salvation Army Adult Rehabilitation Center, a residential drug treatment program, as directed. |

***Grounds for Revocation:*** As to Allegation 1, Mr. Juarez was instructed to report to The Salvation Army Adult Rehabilitation Center on June 2, 2022, to begin his residential drug treatment program. Mr. Juarez did not report as directed. The probation officer contacted Mr. Juarez, who reported he could not participate in the program at the Salvation Army because he was pending a workers' compensation case, and in turn could not work, which is a requirement of the program. He stated he would contact his attorney to discuss the situation and would contact the probation officer afterwards. Mr. Juarez did not contact the probation officer with an update. On July 5, 2022, the probation officer contacted Mr. Juarez, who reported he had yet to enroll in a program. The probation officer informed Mr. Juarez that he could participate in any residential drug treatment program, not necessarily the Salvation Army. The probation officer gave Mr. Juarez another week to get enrolled in a program. On July 19, 2022, the probation officer contacted Mr. Juarez once again, who reported he had not enrolled in any residential drug treatment programs.

| **(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 2. On July 25, 2022, Mr. Juarez failed to report to the probation office, as directed. |

***Grounds for Revocation:*** As to Allegation 2, on July 19, 2022, the probation officer contacted Mr. Juarez and scheduled an office appointment at the Probation Office for July 25, 2022. Mr. Juarez failed to report. The probation officer attempted to contact Mr. Juarez telephonically, but he did not answer the call.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Juarez traveled to San Bernardino, California, immediately following his release from custody in May 2022. He contacted telephonically the Probation Office in the Southern District of California, and stated he would begin a residential drug treatment program in San Diego, California, at the Salvation Army on June 3, 2022. As alleged herein, he never returned to San Diego, not to begin his residential drug treatment program, nor to meet with the probation officer. Therefore, since he has been unsupervised and in non-compliance since his term of supervised release began, his adjustment to supervision is deemed poor.

PROB12(C)
Name of Offender: Tony Juarez
Docket No.: 20CR01148-002-AJB

August 11, 2022
Page 3

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Juarez is married. He and his wife have children together and their living situation is unstable. Mr. Juarez is constantly moving between his father's home, motel rooms, and claims to be currently residing with his wife. He has not managed to maintain employment and struggles with drug addiction. He has a significant criminal history, which includes arrests for burglary, possession of a controlled substance while armed with a loaded weapon, grand theft, receiving stolen property, child endangerment, trespassing, and spousal battery.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failure to participate in residential drug treatment program, and failure to report as directed ) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 28 months' supervised release, less any term of imprisonment imposed upon revocation. The court has imposed an aggregate of 8 months' custody in this case. 18 U.S.C. § 3583(b).

### JUSTIFICATION FOR BENCH WARRANT

A bench warrant is recommended given that Mr. Juarez has not made himself available for supervision and has apparently absconded. He has a history of drug use and refuses to enroll in substance abuse treatment. His

Case 5:22-mj-00554-DUTY   Document 3-1   Filed 09/01/22   Page 4 of 6   Page ID #:7
Case 3:20-cr-01148-AJB   Document 78 (Court only)   Filed 08/12/22   PageID.185   Page 4
of 6

PROB12(C)

Name of Offender: Tony Juarez

Docket No.: 20CR01148-002-AJB

August 11, 2022

Page 4

---

continued use of drugs increases the risk he poses to himself and the community. He has continually displayed an unwillingness to cooperate with supervision, and has ceased communicating with the probation officer. As such, it is recommended a no-bail bench warrant be issued to ensure his presence in court.

## RECOMMENDATION/JUSTIFICATION

Mr. Juarez has failed to enroll in drug treatment services, as directed, and has made himself unavailable for supervision. The above allegations show a breach of the Court's trust, and at this point, a custodial sanction is recommended.

Should Your Honor sustain the above allegations, it is recommended that his term of supervised release be revoked, and he be sentenced to a period of 11 months in custody, which is the mid-range of the guideline range. An additional term of 17 months' supervised release, under the same terms and conditions previously imposed, is also recommended.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: __August 11, 2022__

Respectfully submitted:                                    Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by    _Teresa Gustafson_                                  _Marc W. Ryan_
Teresa Gustafson                                          Marc W. Ryan
U.S. Probation Officer                                    Supervisory U.S. Probation Officer
(619) 446-3828

Case 5:22-mj-00554-DUTY   Document 3-1   Filed 09/01/22   Page 5 of 6   Page ID #:8
Case 3:20-cr-01148-AJB   Document 78 (Court only)   Filed 08/12/22   PageID.186   Page 5
of 6

PROB12CW

August 11, 2022

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Juarez, Tony

2. **Docket No. (Year-Sequence-Defendant No.):** 20CR01148-002-AJB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failure to participate in residential drug treatment program | C |
| Failure to report as directed | C |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))      [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))      [   VI   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))      [   8 to 14 months   ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | | Community Confinement | |
| Fine($) | | Home Detention | |
| Other | | Intermittent Confinement | |

Case 5:22-mj-00554-DUTY   Document 3-1   Filed 09/01/22   Page 6 of 6   Page ID #:9
Case 3:20-cr-01148-AJB   Document 78 (Court only)   Filed 08/12/22   PageID.187   Page 6
of 6

PROB12(C)

Name of Offender: Tony Juarez

Docket No.: 20CR01148-002-AJB

August 11, 2022

Page 6

## THE COURT ORDERS:

__x__   AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____   DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____   Other _____

_____

_____

_____
The Honorable Anthony J. Battaglia
U.S. District Judge

8-12-22

Date
AJI